**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

DENNIS L. MAXBERRY,

        Plaintiff,

v.                                                        Case No. 10-CV-655

GOODWILL INDUSTRIES OF SOUTHEASTERN
WISCONSIN, INC.,

        Defendant.

---

## ORDER

On August 2, 2010, the *pro se* plaintiff, Dennis L. Maxberry ("Mr. Maxberry"), filed this action against Goodwill Industries of Southeastern Wisconsin Inc. ("Goodwill"). During the 1990s, Mr. Maxberry had quite a history of filing cases in this district.[1] That history was cut short upon the decision and order that Mr. Maxberry be barred from further filing in this district for a two-year period. Order Denying Petition to Proceed IFP and Dismissing Case, *Maxberry v. U.S. Veterans Court of Appeals* (No. 97-CV-361) (Docket #3) [hereinafter Order]. There, the court found that not only was Mr. Maxberry's filing indecipherable and frivolous claims on the merits, but, to the extent that it appeared to challenge a denial of veteran's benefits, the claim was also barred by *res judicata*. Order at 2. The Order notes that

---

[1] *See Maxberry v. Daniel P. King Assocs.*, Case No. 94-CV-1141; *Maxberry v. Veterans Admin.*, Case No. 95-CV-289; *Maxberry v. Lincoln Enters.*, Case No. 95-CV-780; *Maxberry v. Veterans Admin.*, Case No. 95-CV-1250; *Veterans Admin. v. Maxberry*, Case No. 95-MC-95; *Maxberry v. Veterans Admin.*, Case No. 96-CV-93; *Maxberry v. Attorney Gen. of Wisc.*, Case No. 96-CV-266; *Maxberry v. Veterans Amin.*, Case No. 96-CV-284; *Maxberry v. Humphrey's IMAX Theater*, Case No. 97-CV-236; *Maxberry v. U.S. Veterans Court of Appeals*, Case No. 97-CV-361.

Mr. Maxberry's filings have all been rambling and generally indecipherable, and all have been dismissed. Order at 2. Finding that Mr. Maxberry, given his indigence, was unlikely to be deterred from further frivolous filings by a monetary sanction, the court levied a bar on further filing. Order at 3. The court carved out exceptions from the bar only for § 1983 or habeas claims, and the filing of papers related to an appeal in that case or other then-recently dismissed case. Order at 3. The court then stated that Mr. Maxberry was not permitted to move for rescission of the bar until two years from the Order. Order at 3. Subsequently, Mr. Maxberry was denied rescission on January 6, 1998; September 13, 1999; November 5, 2004; and most recently on March 8, 2007. The most recent order again stated that Mr. Maxberry may not move to rescind the bar earlier than two years from that order. Order Denying Plaintiff's Motion for Leave to File, *Maxberry v. U.S. Veterans Court of Appeals*, (No. 97-CV-361) (Docket #16).

More than two years have passed since Mr. Maxberry's most recent motion to rescind the bar. Further, the current complaint does not appear to re-state the same claim for relief from denied veterans benefits as in the 1990s. Instead, Mr. Maxberry's complaint appears to involve employment discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* Unfortunately, the court finds the bulk of Mr. Maxberry's complaint to be once again indecipherable. Although the complaint can be read very liberally to allege employment discrimination, such allegations are, at best, extremely conclusory. Moreover, there

are no allegations that can be reasonably read to support a plausible claim to relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, because the complaint fails to state a claim on which relief may be granted, this court is required to not only deny leave to proceed *in forma pauperis*, but must also dismiss the action. 28 U.S.C. § 1915(e)(2).

Though Mr. Maxberry's filing is not explicitly a motion to rescind the bar on filing, this court will address it as such. Because Mr. Maxberry's complaint does not state a claim for relief in the first instance, it appears that he has not offered any showing that the nature of his filings in this district have changed. Therefore, there does not appear to be any reason to grant relief from the bar.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**;

**IT IS FURTHER ORDERED** that the bar imposed by the court's order of April 28, 1997, in Case No. 97-CV-361 (Docket #3), remains in effect with the same two limited exceptions; and,

**IT IS FURTHER ORDERED** that the plaintiff may move to rescind the bar no earlier than two years from the date of this order.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge